UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DENNIS J. NELSON,

                              Plaintiff,

  -v.-                                                      9:06-CV-0477
                                                                         (GLS)(GHL)

TED SMITH; DEP. D. ROBERTS; DR. WALEN;
MS. RICHARDSON; GARY GREENE; and MS. NICHOLN,

                              Defendants.

---

APPEARANCES:

DENNIS J. NELSON
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## **DECISION and ORDER**

     Presently before the Court for review is a second amended complaint and application to proceed *in forma paupreis* filed by plaintiff Dennis J. Nelson.  Dkt. Nos. 15, 16.  The complaint and application to proceed *in forma pauperis* were submitted by Nelson in compliance with the Orders issued by this Court on June 6, 2006 ("June Order") and October 30, 2006 ("October Order").  Dkt. Nos. 8, 14.  For the reasons discussed below, the Court finds that the second amended complaint fails to state a claim upon which relief may be granted and, therefore, dismisses this action.

The prior Orders advised plaintiff that he must allege deliberate indifference to his serious medical needs in order to establish a claim arising out of inadequate medical care. Dkt. No. 8 at 7. Plaintiff was also advised that he must allege personal involvement on the part of each named defendant. *Id.* at 5; Dkt. No. 14 at 2-3.

A review of Nelson's amended complaint reveals that it fails to comply with the requirements of the prior Orders. Nelson names only "Ted Nesmith" and "Dr. Whalen, M.D." as defendants in his second amended complaint. Nelson makes only conclusory allegations against both defendants. Nelson claims that Nesmith "does nothing" for him and other inmates and that Dr. Whalen has denied him "the right medical treatment" for his leg. Dkt. No. 15 at 2. Nelson does not, however, allege that either defendant knew of and disregarded an excessive risk to his health or safety, as is required to establish a claim for inadequate medical treatment.[1] Further, Nelson does not provide the Court with the date(s) on which the alleged misconduct occurred or where it occurred.

In light of the foregoing and for the reasons set forth in the June and

---

[1] Nelson is an experienced litigator. Nelson has now filed a total of twenty-one other actions in this District, including several that relate to the denial of adequate medical care for his leg.

October Orders, the Court finds that Nelson's amended complaint fails to state a claim upon which relief may be granted. The Court hereby dismisses this action.

WHEREFORE, it is hereby

ORDERED, that this action is **dismissed** due to Nelson's failure to file an amended complaint which states a claim upon which relief may be granted, and it is further

ORDERED, that Nelson's application to proceed *in forma pauperis* (Dkt. No. 16) is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on Nelson by regular mail.

IT IS SO ORDERED.

December 4, 2006
Albany, New York

*[signature]*
United States District Court Judge